UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAMILTON,<br><br>  Plaintiff,<br><br>  v.<br><br>TOM BOSENKO, et al.,<br><br>  Defendants. | No. 2:16-cv-0968 KJN P<br><br>ORDER |

Plaintiff is a county prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 5.)

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendant are Shasta County, Shasta County Sheriff's Department, Shasta County Sheriff Tom Bosenko and Shasta County District Attorney. Plaintiff alleges that defendants have conspired to kidnap plaintiff and his brother from their homestead in violation of his constitutional rights. Plaintiff alleges that he is being maliciously prosecuted. Plaintiff alleges that defendants conspired to take away all of his assets and deprive him of his home due to "one agency [sic] failure to do their job correctly." Plaintiff seeks money damages.[1]

In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 487-87.

Heck extends beyond claims challenging convictions to bar a prisoner's claims for wrongful arrest and malicious prosecution, i.e., the claims presented by plaintiff in this action. See, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (holding that Heck bars plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (explaining that Heck bars plaintiff's false arrest and imprisonment claims until conviction is invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck bars plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest and brought unfounded criminal charges).

---

[1] Plaintiff's brother, Lynn Hamilton, has filed a separate civil rights action raising similar claims for relief, i.e., 16-cv-0967 KJN P.

    <u>Heck</u> does not, however, bar a plaintiff from bringing an action asserting these claims during the pendency of the criminal action. <u>Wallace v. Kato</u>, 549 U.S. 384, 393–94 (2007), explains that such action should instead be stayed:

> [i]f a plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

459 U.S. at 393-94.

    Later, "[i]f the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed." <u>Yuan v. City of Los Angeles,</u> 2010 WL 3632810, at *5 (C.D.Cal. Aug. 19, 2010) (citing <u>Wallace</u>, 549 U.S. at 393); <u>Peyton v. Burdick</u>, 358 Fed. Appx. 961 (9th Cir. 2009) (vacating judgment in § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceeding and remanding for district court to stay action until pending state court proceedings concluded).

    It appears that plaintiff's claims for damages are based on pending criminal charges. Under these circumstances, this action should be stayed pursuant to <u>Wallace</u>. Accordingly, plaintiff is ordered to show cause within thirty days of the date of this order why this action should not be stayed pursuant to <u>Wallace</u>. If the undersigned has somehow misconstrued or misunderstood plaintiff's claims for damages, and they are not related to the pending criminal charges, plaintiff shall clarify this in his briefing

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for leave to proceed in forma pauperis is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Shasta County Sheriff's Department;

////

////

3. Plaintiff is granted thirty days from the date of this order to show cause why this action should not be stayed.

Dated: June 2, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ham968.1