UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAMILTON, | No. 2: 16-cv-0968 KJN P |
| Plaintiff, | |
| v. | ORDER |
| TOM BOSENKO, et al., | |
| Defendants. | |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. (ECF No. 5.)

On June 2, 2016, the undersigned granted plaintiff thirty days to show cause why this action should not be stayed. (ECF No. 8.) Thirty days passed and plaintiff did not respond to the June 2, 2016 order. Accordingly, for the reasons stated herein, this action is stayed.

This action proceeds on the original complaint filed May 6, 2016. Named as defendant are Shasta County, Shasta County Sheriff's Department, Shasta County Sheriff Tom Bosenko, and Shasta County District Attorney. Plaintiff alleges that defendants conspired to kidnap plaintiff and his brother from their homestead in violation of his constitutional rights. Plaintiff alleges that he is being maliciously prosecuted. Plaintiff alleges that defendants conspired to take away all of his assets and deprive him of his home due to "one agency [sic] failure to do their job

correctly." Plaintiff seeks money damages.

In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 487-87.

Heck extends beyond claims challenging convictions to bar a prisoner's claims for wrongful arrest and malicious prosecution, i.e., the claims presented by plaintiff in this action. See, e.g., Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (holding that Heck bars plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (explaining that Heck bars plaintiff's false arrest and imprisonment claims until conviction is invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck bars plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest and brought unfounded criminal charges).

Heck does not, however, bar a plaintiff from bringing an action asserting these claims during the pendency of the criminal action. Wallace v. Kato, 549 U.S. 384, 393–94 (2007), explains that such action should instead be stayed:

> [i]f a plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

459 U.S. at 393-94.

Later, "[i]f the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed." Yuan v. City of Los Angeles, 2010 WL 3632810, at *5 (C.D. Cal. Aug. 19, 2010) (citing Wallace, 549 U.S. at 393);

1 | Peyton v. Burdick, 358 Fed. Appx. 961 (9th Cir. 2009) (vacating judgment in § 1983 case where
2 | claims implicated rulings likely to be made in pending state court criminal proceeding and
3 | remanding for district court to stay action until pending state court proceedings concluded).

Plaintiff's claim for damages is based on the pending criminal charges.  Plaintiff's claims implicate rulings likely to be made in the pending state court criminal proceeding.  Under these circumstances, this action should be stayed pursuant to Wallace.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is stayed; within thirty days of the conclusion of the criminal proceedings against him, plaintiff shall notify the court;

2. The Clerk of the Court is directed to administratively close this action.

Dated:  July 22, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ham968.dis