UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HAMILTON,<br><br>        Plaintiff,<br><br>    v.<br><br>TOM BOSENKO, et al.,<br><br>        Defendants. | No.  2: 16-cv-0968 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding, without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, the stay of this action is lifted and the undersigned recommends that this action be dismissed for failure to prosecute.

Plaintiff filed this action on May 6, 2016.  (ECF No. 1.)  On July 25, 2016, plaintiff's claim for damages was stayed pending resolution of plaintiff's criminal charges.  (ECF No. 10.)  On October 27, 2021, the undersigned ordered plaintiff to inform the court of the status of his criminal charges within fourteen days.  (ECF No. 14.)  Fourteen days passed and plaintiff did not respond to the October 27, 2021 order.

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

1  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
2  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
3  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
4  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
5  of prosecution and failure to comply with local rules).

6  "In determining whether to dismiss an action for lack of prosecution, the district court is
7  required to consider several factors: '(1) the public's interest in expeditious resolution of
8  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
9  the public policy favoring disposition of cases on their merits; and (5) the availability of less
10 drastic sanctions.'" Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These
11 factors guide a court in deciding what to do and are not conditions that must be met in order for a
12 court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
13 1217, 1226 (9th Cir. 2006) (citation omitted).

14 The court has weighed the five factors for determining whether to involuntarily dismiss a
15 case and finds that dismissal is warranted. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th
16 Cir. 1992). This case is being delayed by plaintiff's failure to prosecute. Although defendants
17 have not been served, it is plaintiff's obligation to litigate the case. Without any action by
18 plaintiff in response to the court's orders, the case may linger on the court's docket indefinitely.
19 Plaintiff's failure to respond to the October 27, 2021 order leaves the court with little alternative
20 but to recommend dismissal.

21 Accordingly, IT IS HEREBY ORDERED that:

22 1.  The stay in this action is lifted;

23 2.  The Clerk of the Court is directed to assign a district judge to this action; and

24 IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for
25 failure to prosecute.

26 These findings and recommendations are submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28 after being served with these findings and recommendations, plaintiff may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 6, 2021

                                                     KENDALL J. NEWMAN
                                                    UNITED STATES MAGISTRATE JUDGE

Ham968.56(3)